FIRST NATIONAL BANK OF MILLBURN, NEW JERSEY, complainant,

*v.*

CARLISLE C. CAHILL, administrator *cum testamento annexo* of the estate of Florence E. Cahill, deceased, et al., defendants.

[Decided May 27th, 1932.]

*Mr. Herbert M. Ellend,* for the complainant.

*Mr. Louis Auerbacher, Jr.,* for the defendants.

BACKES, V. C.

The complainant obtained a decree in foreclosure for $14,996.45 on October 15th, 1931, and, upon execution to the sheriff of Essex county, the property was advertised for sale December 15th, 1931. There were numerous adjourn-

ments upon the promise of the administrator defendant to pay the debt, and, on January 18th, he paid $1,000, securing a four weeks' adjournment. No further payments were forthcoming, and, after more adjournments and promises of payment, the property was struck off to the complainant for $100.

Objection to confirmation is made by one of the defendants, William J. Trumble, because he was sued by the name of "Walter" Trumble. He was served with process. If he has not had his day in court, he is not barred by the decree. He has no standing to contest the sale on the ground assigned.

Cahill, the administrator defendant, objects to confirmation because the complainant accepted payment of $1,000 on account of the decree and failed to give credit for the amount, and sets up that, "by accepting said sum of one thousand dollars ($1,000) complainant did thereby become trustee for the said defendants, and does now hold said mortgaged premises in trust for the said defendants; and further, the complainant had no legal or equitable right to proceed with the sale of the said mortgaged premises under the said final decree as above set forth, after having accepted from the said Carlisle C. Cahill, administrator *cum testamento annexo* of the estate of Florence E. Cahill, deceased, payment of the sum of one thousand dollars, as aforesaid."

The objection is not understood and its legal significance is not explained. Payment on account of the decretal debt surely does not bar execution for the balance and failure to endorse the credit on the writ is in the circumstances inconsequential. Let the credit be now endorsed and let the objections be overruled.

If there were merit in the objections, it should have been presented by petition and brought on for hearing by order to show cause or notice. Under objection, the single issue may be raised, that the property did not bring the highest and best price that could be obtained in cash; all other grounds must be made by independent action by bill or petition. This has been a long and well established practice. *Dunlop* v. *Chenoweth, 90 N. J. Eq. 85; 105 Atl. Rep. 592; affirmed, 90 N. J. Eq. 601; 106 Atl. Rep. 890.*

The sale will be confirmed.